IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY,** § § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. **3:23-CV-2581-L-BN** |
| § | |
| **JJ RED COMMERCIAL ROOFING LLC; ROBERT M. EDWARDS; and RHONDA S. EDWARDS,** § § § § § | |
| Defendants, § § | |
| and § § | |
| **PLAINSCAPITAL BANK,** § § § | |
| Garnishee. § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Plaintiff Philadelphia Indemnity Insurance Company's ("Plaintiff") Application for Writ of Garnishment ("Application") (Doc. 1). On January 25, 2024, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 7) regarding Plaintiff's Application was filed. For the reasons herein explained, the court **accepts** the Report, **grants** Plaintiff's Application (Doc. 1), and **directs** the clerk of court to issue and file as a separate document the attached Writ of Garnishment and deliver it to Plaintiff or Plaintiff's counsel.

**I.    Background**

Plaintiff requests that the court issue a writ of garnishment, pursuant to Texas law, to Garnishee PlainsCapital Bank to enforce the default judgment that was entered on September 19, 2023, in its favor against Defendants JJ Red Commercial Roofing, LLC; Robert M. Edwards; and

Rhonda S. Edwards ("Defendants") in Civil Action No. 3:23-CV-00655-M. The default judgment was entered against Defendants, "jointly and severally, in the amount of $98,177.30," plus post-judgment "interest at a rate of 10%, computed daily on the unpaid balance from the date of entry of th[e] judgment until the judgment is paid in full, and compounded annually." Ex. A to Pl.'s Application. The default judgment further provides that Plaintiff is entitled to recover its costs of court, and that "all writs and process necessary for the enforcement of th[e] judgment be issued in favor of Plaintiff." *Id.*

## II.     Law Governing Garnishment Proceedings

Generally, "[a] garnishment action, although ancillary to the underlying suit, is a separate proceeding." *National Loan v. Fidelity Bank*, 51 F.3d 1045, 1995 WL 153421, at *1 (5th Cir. 1995) (citation omitted). "The Federal Rules of Civil Procedure require that federal courts conduct garnishment proceedings pursuant to the law of the state in which the district court sits." *Id.* (citing Fed. R. Civ. P. 64 (procedure for seizing persons or property, including via garnishment, to secure a satisfaction of a potential judgment), and Fed. R. Civ. P. 69 (procedure for enforcing a money judgment through enforcement of a writ of execution)). Because Plaintiff seeks a writ of garnishment from the United States District Court for the Northern District of Texas, the court applies Texas garnishment law. *National Loan*, 1995 WL 153421, at *1.

Garnishment proceedings in Texas "are governed by Chapter 63 of the Civil Practice and Remedies Code and Rules 657 through 679 of the Texas Rules of Civil Procedure" and "determine whether the garnishee is indebted to or has in its possession effects belonging to the debtor." *Strobach v. WesTex Cmty. Credit Union*, 621 S.W.3d 856, 867-68 (Tex. App.—El Paso 2021, pet. denied). In Texas, garnishment proceedings are statutory in nature and involve the application of "property, money, or credits of a debtor in the possession of another . . . to the payment of the

debt." *Aycock v. EECU*, 510 S.W.3d 636, 638 (Tex. App.—El Paso 2016, no pet.) (citing *Bank One, Tex., N.A. v. Sunbelt Sav., F.S.B.*, 824 S.W.2d 557, 558 (Tex. 1992)). "When a plaintiff has obtained a 'valid, subsisting judgment' against a defendant in a lawsuit, it may file an application with the trial court, accompanied by affidavits stating the relevant facts, requesting that the court issue a writ of garnishment to the garnishee who is allegedly in possession of the defendant-debtor's property." *Strobach*, 621 S.W.3d 856 at 868 (citing Tex. R. Civ. P. 658; and Tex. Civ. Prac. & Rem. Code Ann. § 63.001(3)) (other citation omitted).

"A garnishment proceeding involves at least three parties: (1) the plaintiff (also known as the garnishor); (2) the defendant or debtor; and (3) the garnishee." *Id.* at 868 (citations omitted). "The plaintiff or garnishor is a creditor of the debtor and requests the court to issue a writ of garnishment to the garnishee," and "[t]he garnishee is a third party who owes a debt to or holds property of the debtor." *Id*. The garnishor, however, is subrogated to the rights of the debtor against the garnishee and may only enforce against the garnishee the rights that the debtor could have enforced had it sued the garnishee directly. *See National City Bank v. Texas Capital Bank, N.A.*, 353 S.W.3d 581, 584 (Tex. App.—Dallas 2011, no pet.) (citations omitted). Thus, the garnishor "cannot acquire any greater rights against the garnishee than the debtor . . . possesses." *Id.* (citations omitted). "Service of the writ on the garnishee fixes a lien on the debtor's property or debts due him, *subject to prior valid rights and liens against such property or debt*." *Id.* at 585 (citations omitted).

Under Texas law, a writ of garnishment may be issued by the clerk of the court or a justice of the peace. Tex. Civ. Prac. & Rem. Code § 63.002. Texas Rule of Civil Procedure 659 provides that, if the rules for issuance of a writ are met, a writ of garnishment directed to the garnishee shall issue and command the garnishee:

**Memorandum Opinion and Order – Page 3**

> to appear before the court out of which the same is issued at or before 10 o'clock a.m. of the Monday next following the expiration of twenty days from the date the writ was served, if the writ is issued out of the district or county court; or the Monday next after the expiration of ten days from the date the writ was served, if the writ is issued out of the justice court. The writ shall command the garnishee to answer under oath upon such return date what, if anything, he is indebted to the defendant, and was when the writ was served, and what effects, if any, of the defendant he has in his possession, and had when such writ was served, and what other persons, if any, within his knowledge, are indebted to the defendant or have effects belonging to him in their possession.

Tex. R. Civ. P. 659.  Texas Rule of Civil Procedure 661 sets forth the "Form of Writ" to be executed in accordance with Rule 659. Tex. R. Civ. P. 661.  Rule 662 further provides that the writ of garnishment "shall be dated and tested as other writs, and may be delivered to the sheriff or constable by the officer who issued it, or [the issuing officer] may deliver it to the plaintiff, his agent or attorney, for that purpose." Tex. R. Civ. P. 662.

When a court issues a writ of garnishment, the garnishee and judgment debtor must be served with the writ and other documents in accordance with Rules 663 and 663a.  *See* Tex. R. Civ. P. 663 (explaining that, upon delivery, the person receiving the writ of garnishment must immediately execute the writ by delivering a copy of the writ to the garnishee.); Tex. R. Civ. P. 663a (providing that a "defendant must be served as provided in Rule 21a or Rule 501.4, as applicable, with a copy of the writ of garnishment, the application, accompanying affidavits, and orders of the court," and the writ served on the defendant must include the notice language in Rule 663a.).  The return of a writ of garnishment is governed by the same rules that govern the return of citations in Texas.  Tex. R. Civ. P. 663 ("shall make return thereof as of other citations."); *Curry Motor Freight, Inc. v. Ralston Purina Co.*, 565 S.W.2d 105, 106 (Tex. Civ. App.—Amarillo 1978, no writ).

"[G]arnishment proceedings cannot be sustained unless they strictly conform to the statutory requirements and related rules." *Walnut Equip. Leasing Co. v. J-V Dirt & Loam, a Div.*

**Memorandum Opinion and Order – Page 4**

*of J-V Marble Mfg., Inc.*, 907 S.W.2d 912, 915 (Tex. App.—Austin 1995, writ denied) ("J–V's voluntary appearance did not cure Walnut's failure to serve it with a copy of the writ . . . [because] actual notice to the debtor of a garnishment action does not constitute sufficient notice under Rule 663a."); *Strobach*, 621 S.W.3d at 870 ("the failure to give proper notice to the defendant-debtor, as required by law, is not considered a mere irregularity, but rather, it is an integral part of the statutory requirements of the garnishment proceedings; therefore, a garnishment judgment rendered without such notice is void."); *Curry Motor Freight, Inc.*, 565 S.W.2d at 106 (requiring strict compliance with garnishment return of citation rules); *McMullen v. J.M. Smith Assocs., P.S.C.*, No. 05-91-00812-CV, 1991 WL 192543, at *2 (Tex. App.—Dallas Sept. 30, 1991, no writ) (concluding that "the failure of the . . . return [of a writ of garnishment] to indicate the manner of service as required by rule 107 of the rules of civil procedure render[ed] the service void and of no effect."). Accordingly, it is incumbent on the garnishor to strictly comply with the rules governing garnishment proceedings in Texas, including those pertaining to service and return of citation.

Upon service of the writ, the garnishee has three duties: (1) to "freeze or impound any money in its possession belonging to the judgment-debtor";[1] (2) to "file an answer with the trial court, under oath, in writing and signed by him, indicating whether he is in debt to the defendant or not";[2] and (3) to pay the garnishor in accordance with any garnishment judgment issued by the court.[3] In certain circumstances, a garnishee can also file a bill of interpleader to pay the funds into the court registry and by interpleader bring into the suit all other claimants to the funds to protect itself against liability. *See Bank One, Tex., N.A.*, 824 S.W.2d at 558.[4]

---

[1] *Strobach*, 621 S.W.3d at 869 (citing Tex. Civ. Prac. Rem. Code Ann. § 63.003(a).

[2] *Id*. at 869 (citing Tex. R. Civ. P. 665, 666, 668).

[3] *Id*. at 869-70 (citing Tex. R. Civ. P. 668, 670) (other citation omitted).

[4] In this regard, the Texas Supreme Court in *Bank One* explained:

**Memorandum Opinion and Order – Page 5**

### III. The Magistrate Judge's Recommendation

This action was referred for pretrial management to the magistrate judge on January 4, 2024. As indicated, the magistrate judge filed his Report (Doc. 7) regarding Plaintiff's Application on January 25, 2024. The Report recommends that the court grant Plaintiff's Application and direct the clerk of court to issue a writ of garnishment in the unsatisfied amounts awarded in the default judgment that was entered in Civil Action No. 3:23-CV-00655-M: $98,177.30, plus costs and post-judgment interest. In addition, the Report recommends that the court "extend for good cause the deadline under Federal Rule of Civil Procedure 4(m) for Plaintiff Philadelphia Indemnity Insurance Company to properly effect service in this matter." Report 6-7.

On February 19, 2024, Plaintiff filed a response to the Report, indicating that it has no objections. For this reason, and given the magistrate judge's acknowledgement that Defendants need not be given notice under Texas law before issuance of the requested garnishment writ, Plaintiff requests that the court "(1) issue the Writ of Garnishment, [and] (2) extend the deadline

---

Funds placed with a bank ordinarily become general deposits which create a debtor-creditor relationship between the bank and its depositor. *Citizens Nat['l] Bank of Dallas v. Hill*, 505 S.W.2d 246, 248 (Tex. 1974); *Hudnall v. Tyler Bank and Trust Co.*, 458 S.W.2d 183, 186 (Tex. 1970). A garnishee bank is not indebted to a judgment debtor unless some form of deposit agreement creates a debtor-creditor relationship between the bank and the judgment debtor.

When a creditor wants to challenge title to funds held by a third party, the creditor should seek a writ of garnishment naming the nominal owner not the true owner. The court is then responsible for determining true ownership. Requiring a garnishee bank to determine true ownership of its deposits improperly shifts a judicial responsibility to the garnishee.

In *Thompson v. Fulton Bag & Cotton Mills*, we held that "[t]he scope of the inquiry in a writ of garnishment is broad enough to impound funds of the debtor, held by the garnishee, even though title thereto stands nominally in a third party." 155 Tex. 365, 286 S.W.2d 411, 414 (Tex. 1956). However, we were only addressing the scope of the jurisdiction of the court issuing the writ of garnishment when a garnishee chooses to pay into the court funds to which a third party holds nominal title. *Thompson* did not hold that the garnishee is required to pay into the court funds to which title is in a third party who is not named in the writ of garnishment. This is true even when there is a question of true ownership.

*Bank One, Tex., N.A.*, 824 S.W.2d at 558.

**Memorandum Opinion and Order – Page 6**

for service on Defendants [under Rule 4(m)] for a reasonable time . . . follow[ing] the issuance and service of the Writ of Garnishment[.]" Pl.'s Resp. 3.

IV.     **Issuance and Service of the Writ of Garnishment**

Having considered the Application, supporting documentation, file, record, and Report, the court determines that the findings and conclusions of the magistrate judge (Doc. 7) are correct and **accepts** them as those of the court. Accordingly, the court **grants** Plaintiff's Application (Doc. 1) and **directs** the clerk of court to issue the attached Writ of Garnishment,[5] file it as a separate document after issuance, and deliver it to Plaintiff or Plaintiff's counsel in this action.

Upon receipt, Plaintiff as the garnishor **shall** be responsible for: (1) serving the Writ of Garnishment on garnishee PlainsCapital Bank; (2) serving Defendants with a copy of the Writ of Garnishment, together with a copy of this order, the magistrate judge's Report, Plaintiff's Application and supporting documentation (the declaration and default judgment submitted by Plaintiff in support of its Application) as soon as practicable after service of the writ on the garnishee; and (3) executing and filing a return of citation for the Writ of Garnishment. Service

---

[5] Normally, the party requesting issuance of a writ of garnishment submits a proposed order or writ of garnishment. *See Whiteside v. Allegiance Bank*, No. 4:22-CV-1081-SDJ-KPJ, 2024 WL 218514, at *4 (E.D. Tex. Jan. 19, 2024) ("The Clerk of Court shall issue the proposed writs of garnishment attached to the Amended Application[.]"). Here, no proposed order or proposed writ of garnishment was submitted in conjunction with Plaintiff's Application for the court's consideration. Apparently impatient that the court had not yet ruled on Plaintiff's Application, Plaintiff's counsel "jumped the gun" and, without explanation, filed on January 23, 2024, a document titled "**Writ of Garnishment**," which was not accompanied by any motion or written request as required by this district's Local Civil Rules. Instead, the docket sheet entry for this filing simply states: "Request for Clerk to issue Writ of Garnishment." Doc. 5. Subsequently, the clerk of court issued the writ filed by Plaintiff's counsel. Doc. 6. Because the magistrate judge had not yet filed his Report and recommendation as to Plaintiff's Application, the docket sheet reflects "DISREGARD/PER JH Chambers." Doc. 6. Moreover, the Writ of Garnishment previously filed by Plaintiff on January 23, 2024, does not conform with Texas law. *See* Tex. R. Civ. P. 661, 663a (setting forth the form of a writ that may be used with respect to a garnishee and other language that must be included to give the defendant proper notice). Although the proposed Writ of Garnishment is directed to the attention of garnishee PlainsCapital Bank, it gives the incorrect impression that PlainsCapital Bank is also the party (defendant or judgment debtor) with a right to regain possession of its garnished property by filing a bond or a motion to dissolve the writ. The proposed Writ of Garnishment then commands garnishee PlainsCapital Bank to summon itself to file an answer. The proposed Writ of Garnishment also does not contain Rule 663a's notice language. To avoid delay and the potential confusion created by Plaintiff's proposed Writ of Garnishment, the court prepared the attached Writ of Garnishment for issuance by the clerk of court in this action.

**Memorandum Opinion and Order – Page 7**

of the Writ of Garnishment and the return of citation **must** strictly comply with Texas law governing garnishment actions.  Although Texas law does not impose a specific deadline for service of a writ of garnishment on a garnishee or defendant, the court, to avoid delay, **directs** Plaintiff to serve the garnishee and Defendants and file executed returns of citation or service in conformity with Texas law as indicated above by **April 23, 2024**.

Given the interplay here between Texas garnishment law and Federal Rule of Civil Procedure 4(m), the court also determines that there is good cause to extend the service deadline under Rule 4(m) and **continues** Plaintiff's deadline to effect service on Defendants in accordance with Rule 4(m) to **May 23, 2024**.[6]

Further, Plaintiff is **directed** to **not** repeatedly contact the court's or the magistrate judge's staff regarding the status of the proceedings in this case or any filings.  This case is one of many civil and criminal cases assigned to and pending before the undersigned and the magistrate judge that require their attention, and criminal cases take precedence over civil matters.  Repeatedly contacting court personnel is not helpful, as it interferes with the court's ability to effectively manage its docket and will not expedite the proceedings in this case.  Moreover, Plaintiff's Application did not include a request for emergency or expedited consideration and cited no reason for such consideration.  Likewise, in its February 19, 2024 response to the magistrate judge's order regarding service in this case, Plaintiff did not request or offer any reason to justify expedited consideration.  *To avoid further unnecessary disruption, the court advises that Plaintiff's failure to comply with this order and applicable Local Civil Rules moving forward may result in the dismissal without prejudice of this action pursuant to Federal Rule of Civil Procedure 41(b) or*

---

[6] *See id.* at *3-4 (concluding that application of Texas garnishment law does not obviate compliance with Rule 4(m) but extending for good cause the plaintiff's deadline to effect service under Rule 4(m) because the requested writ of garnishment had not yet issued).

**Memorandum Opinion and Order – Page 8**

*Rule 4(m) or other sanctions against Plaintiff, its counsel, or both that the court deems appropriate.*

    **It is so ordered** this 23rd day of February, 2024.

Sam A. Lindsay<br>
United States District Judge